CHRISTOPHER J. CASSAR, P.C.
*Attorneys for Plaintiffs*
13 East Carver Street
Huntington, New York 11743
(631) 271-6595 phone
(631) 351-0196 fax
CHRISTOPHER J. CASSAR (CC9520)

SEYBERT, J

BROWN, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X   Docket No.:

**JEREMY GUZMAN, and
JOSEPH RASSO,**

CV 13 7206

Plaintiffs,

**VERIFIED
COMPLAINT**

-against-

**EDWARD WEBBER, in his official capacity as
Commissioner of the Suffolk County Police
Department, THOMAS J. SPOTA, in his official
capacity as District Attorney of Suffolk County
and the COUNTY OF SUFFOLK,**

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 18 2013 ★

LONG ISLAND OFFICE

Defendants.

-------------------------------------------------------X

**SUMMONS ISSUED**

Plaintiffs by their attorneys, **CHRISTOPHER J. CASSAR, P.C.,**

as and for their complaint against Defendants, **EDWARD WEBBER,** in his official

capacity as Commissioner of the Suffolk County Police Department, **THOMAS J.**

**SPOTA,** in his official capacity as District Attorney of Suffolk County

and the **COUNTY OF SUFFOLK** respectfully allege as follows:

## INTRODUCTION

1.      This action arises under the Constitution of the United

States, particularly the Fourth and Fourteenth Amendments to the Constitution of

the United States, and under the laws of the United States, particularly the Civil

Rights Act, Title 42 of the United States Code, Section 1988.

## JURISDICTION AND VENUE

2.      The jurisdiction of this court is invoked under the

provisions of Title 28 of the United States Code, Sections 1331 and 1343.

3.      Venue is placed in this district because it is where all the

parties reside and where the events complained of occurred.

4.      This proceeding is a civil action under 42 UCS 1983.

Section 1983 provides:

> that "[e]very person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress, ****".

5.      The Fourth Amendment of the United States Constitution

provides that:

> The right of the people to be secure in their persons, houses, papers, and
> effects, against unreasonable searches and seizures, shall not be
> violated, and no Warrants shall issue, but upon probable cause,
> supported by Oath or affirmation, and particularly describing the place

to be searched, and the persons or things to be seized.

6.     The Fourteenth Amendment of the United States

Constitution provides that:

> *** No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

7.     The Plaintiffs' rights under the Fourth Amendment and the Fourteenth Amendment were violated by the seizure of the property and the continued retention of the property by the defendants.

8.     The Plaintiffs seek a prompt hearing following the seizure of the property at which time the Defendants must demonstrate probable cause for the seizure of the property and that it was necessary that the property remain in the custody of the Defendants [see ***Krimstock v. Kelly***, 306 F.3d 40, C.A.2 (N.Y.) 2002].

9.     That at all times hereinafter mentioned, and at the commencement of this action, the Defendant, **SUFFOLK COUNTY**, was and still is a municipality and/or municipal corporation duly organized under the laws of the State of New York.

10.     That at all times hereinafter mentioned, and at the commencement of this action, the Defendant, **EDWARD WEBBER**, is the

3

Commissioner of the **SUFFOLK COUNTY POLICE DEPARTMENT**.

11.    That at all times hereinafter mentioned, and at the commencement of this action, the Defendant, **THOMAS J. SPOTA**, is the District Attorney of the **COUNTY OF SUFFOLK**.

## STATEMENT OF RELEVANT FACTS AS TO THE PLAINTIFF JEREMY GUZMAN

12.    The Plaintiff, JEREMY GUZMAN, is the titled owner of a Breitling Watch.

13.    That upon information and belief, on or about December 9, 2010, The Plaintiff, **JEREMY GUZMAN**, was arrested by **SUFFOLK COUNTY POLICE DEPARTMEN**, for the following charge:

-Criminal Sale of a Controlled Substance in the Second Degree.

14.    When the Plaintiff, **JEREMY GUZMAN**, was arrested by the **SUFFOLK COUNTY POLICE DEPARTMENT**, the **SUFFOLK COUNTY POLICE DEPARTMENT**, took possession of property from the arrestee property, to wit: Breitling Watch.

15.    To date, the Defendant, **EDWARD WEBBER**, as Police Commissioner of **SUFFOLK COUNTY POLICE DEPARTMENT**, have retained possession of the Plaintiff's property.

4

16.     To date, the Defendants have refused to release this property to the Plaintiff, **JEREMY GUZMAN**.

17.     To date, the Defendants have not afforded the Plaintiff, **JEREMY GUZMAN**, a prompt post-seizure retention hearing, with adequate and meaningful notice for property seized as instrumentalities of crime pursuant to *Krimstock v. Kelly*, 306 F.3d 40, C.A.2 (N.Y.) 2002.

18.     To date, the Defendant, **EDWARD WEBBER**, as Police Commissioner of **SUFFOLK COUNTY POLICE DEPARTMENT**, has refused to release the Plaintiff's property without written permission of the Defendant, **THOMAS J. SPOTA**, the District Attorney of the Defendant, **COUNTY OF SUFFOLK**.

19.     The Plaintiff's criminal case has been resolved.

20.     That the Defendant, **EDWARD WEBBER**, as Police Commissioner of **SUFFOLK COUNTY POLICE DEPARTMENT** will not release this property until the Plaintiff obtains a release from the Defendant, **THOMAS J. SPOTA**, the Suffolk County District Attorney's Office or a court order.

5

21.     To date the Defendant, **THOMAS J. SPOTA**, the Suffolk County District Attorney, has refused to release this property.

22.     The Plaintiff has lost the use of this property and incurred monetary expenses as a result of the violation under the Civil Rights Act, Title 42 of the United States Code, Sections 1983.

## STATEMENT OF RELEVANT FACTS AS TO
## THE PLAINTIFF JOSEPH RASSO

23.     The Plaintiff, **JOSEPH RASSO**, is the titled owner of a Breitling Watch.

24.     That upon information and belief, on or about October 15, 2013, the Plaintiff, **JOSEPH RASSO**, was arrested by **SUFFOLK COUNTY POLICE DEPARTMENT**, for the following charges:

Criminal Possession of a Controlled Substance in the Third Degree.

25.     When the Plaintiff, **JOSEPH RASSO**, was arrested by **SUFFOLK COUNTY POLICE DEPARTMENT**, the **SUFFOLK COUNTY POLICE DEPARTMENT**, took possession of property from the arrestee, to wit: Breitling Watch.

26.     To date, the Defendant, **EDWARD WEBBER**, as Police Commissioner of **SUFFOLK COUNTY POLICE DEPARTMENT**, have

6

retained possession of the Plaintiff's property.

27.    To date, the Defendants have refused to release this property to the Plaintiff, **JOSEPH RASSO**.

28.    To date, the Defendants have not afforded the Plaintiff, **JOSEPH RASSO**, a prompt post-seizure retention hearing, with adequate and meaningful notice for property seized as instrumentalities of crime pursuant to *Krimstock v. Kelly*, 306 F.3d 40, C.A.2 (N.Y.) 2002.

29.    To date, the Defendant, **EDWARD WEBBER**, as Police Commissioner of **SUFFOLK COUNTY POLICE DEPARTMENT**, has refused to release the Plaintiff's property without written permission of the Defendant, **THOMAS J. SPOTA**, the District Attorney of the Defendant, **COUNTY OF SUFFOLK**.

30.    That the Defendant, **EDWARD WEBBER**, as Police Commissioner of **SUFFOLK COUNTY POLICE DEPARTMENT**, will not release this property until the Plaintiff obtains a release from the Defendant, **THOMAS J. SPOTA**, the Suffolk County District Attorney's Office or a court order.

31.    To date the Defendant, **THOMAS J. SPOTA**, the Suffolk County District Attorney has refused to release this property.

7

32.    The Plaintiff has lost the use of this property and incurred monetary expenses as a result of the violation under the Civil Rights Act, Title 42 of the United States Code, Sections 1983.

## 1983 CLAIM

33.    The Defendants have taken possession and retained the property herein from the Plaintiffs.

34.    The Plaintiffs' inability to challenge, promptly after the property is taken by the Defendants, the legitimacy of and justification for the Defendants' retention of the property violates the Plaintiffs' constitutional rights.

35.    None of the Plaintiffs received written notice of any civil forfeiture proceeding in connection to the property taken possession and retained by the Defendants.

36.    The Plaintiffs request that a prompt post-seizure retention hearing, with adequate and meaningful notice for property seized as instrumentalities of crime pursuant to *Krimstock v. Kelly*, 306 F.3d 40, C.A.2 (N.Y.) 2002.

37.    Under the case *Krimstock v. Kelly*, 306 F.3d 40, C.A.2 (N.Y.) 2002, the hearing must enable Plaintiffs to test the probable validity of continued

8

deprivation of their property, including the Defendants' probable cause for the initial warrantless seizure.

38.     Under the case ***Krimstock v. Kelly***, in the absence of either probable cause for the seizure or post-seizure evidence supporting the probable validity of continued deprivation, an owner's property would have to be released during the pendency of the criminal and civil proceedings.

39.     Under ***Krimstock v. Kelly***, at the retention hearing, the court should consider whether less drastic measures than continued impoundment, such as a bond or a restraining order, would protect the Defendants' interest during the pendency of proceedings.

**WHEREFORE**, the Plaintiffs, for themselves and all other persons on whose behalf this suit has been brought, pray:

1.     That the Court adjudge and decree that the named Defendants violated the Plaintiffs' rights under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983;

9

2.      That a judgment be entered requiring the Defendants to

to release the property of the Plaintiffs;

4.      That reasonable attorneys' fees, as authorized by law be

awarded to the Plaintiffs

5.      That the Plaintiffs receive their costs of maintaining this

suit; and

6.      That the Plaintiffs receive such other and further relief as

the case may require, the facts demand, and the Court may deem just and proper

under the circumstances.


Dated:   Huntington, New York
         December 12, 2013

                                Respectfully submitted,

                                CHRISTOPHER J. CASSAR, P.C.
                                *Attorneys for Plaintiffs*


                                _____
                                CHRISTOPHER J. CASSAR (CC9520)
                                13 East Carver Street
                                Huntington, New York 11743
                                (631) 271-6596


10

## <u>CERTIFICATION</u>

I affirm that the foregoing statements are true, under the penalties of perjury.

I, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York and the attorney of record for plaintiffs in the within action; have read the forgoing complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to the matters therein stated to be alleged on information and belief, I believe to be true.

The reason this verification is made by me and not by the plaintiffs is because some of the plaintiffs are presently outside the County where I maintain my office. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: discussions, letters, and records of the plaintiffs.

Dated:   Huntington, New York
         December 12, 2013

                                                                                 
CHRISTOPHER J. CASSAR (CC 9520)
*Attorneys for the Plaintiffs*
13 East Carver Street
Huntington, New York 11743
(631) 271-6596

11